IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zack Coryellbattle<br><br>　　　　Plaintiff,<br><br>v.<br><br><br>City of Maricopa, et al.,<br><br>　　　　Defendants, | Case No. CV-19-01386-PHX-DLR (JZB)<br><br><br>AMENDED COMPLAINT |

Plaintiff for his complaint against defendants states and alleges:

1. On March 8th 2018 Mr. Coryellbattle (hereafter referred to as 'Plaintiff') got in his car and started his neighborhood block watch that he does traveling on a public roads. While traveling west bound on Palo Cedro between Palo Rojo and Palo Verde in the subdivision of Palo Brea in the City of Maricopa, County of Pinal, State of Arizona.

   At approximately 10pm the Plaintiff noticed a person lying on the side of the roadway wrapped in what appears to be sheets and or blankets, the plaintiff stopped his vehicle and called for police assistance to report the situation. The plaintiff waited at the scene until officers arrived

   Multiple officers were dispatched to the scene, including Officer Dennington, Burnias and Soto, unknown officers and supervisors.

   Some officers began to administer care and examine the person lying on the roadway.

2. The City of Maricopa, et al., (hereafter referred to as 'Defendants') approached plaintiff and attempted to gather information.

   The plaintiff conveyed to Defendants that he performs a neighborhood watch and that he didn't know the person lying in the roadway and was only observing, which is his First Amendment Constitutional right.

   Plaintiff was not impeding or interfering with the Defendants investigation.

3. Plaintiff has not, will not or is not coming any crime and there was no probable cause to suspect plaintiff of any illegal activity.

1

4. Defendants then ran the license plate on the vehicle the plaintiff was driving, and then asked the plaintiff to leave and move his vehicle which was not impeding traffic or interfering with the Defendants duties. The Plaintiff reiterated that he was doing nothing wrong.
5. Defendants stated that the Plaintiff was disobeying a lawful order and proceeded to reach in the Plaintiff's vehicle.
6. Defendants unlocked the Plaintiffs door, opened his vehicle and forcibly removed him from the vehicle thus violating his Fourth Amendment rights.
7. Defendants then arrested and handcuffed the Plaintiff without a warrant and over his objections. The defendant's acts were in violation of plaintiff's civil and Fourth Amendment Constitutional rights and the constitutional provisions of the Substantive due process of law.
8. Defendants unlawfully detained and arrested Plaintiff and the defendants did not advise him of his Miranda rights. The Defendants reports contained misdemeanor charges (which were later dismissed with prejudice).
9. Defendants put the plaintiff in back of a marked police car which was not running with all the windows up for an extended period of time.

## COUNT I
## FALSE ARREST

10. Plaintiff re-alleges paragraphs 1-9
11. On March 8, 2018, Defendants without warrant or due process of law unlawfully arrested the Plaintiff and acting contrary to law did falsely arrest the Plaintiff depriving him of his liberty.
    a. False Arrest – Held in custody without probable cause/court order

## COUNT II
## FALSE IMPRISONMENT

12. Plaintiff re-alleges paragraphs 1-9
13. Defendants upon arresting Plaintiff put him the back of a marked police car for the purpose of detaining and booking him. Defendants made no attempt to bring the Plaintiff before a proper Judge or Court as is required by due process.
14. The acts of the Defendants in deciding how to deal with the Plaintiff after his arrest and failing to take him to a Judge or Proper Court do decide constitute false imprisonment by the Defendants under the law.
    a. False Imprisonment – Intentionally restrict a person's movement within any area without legal authority.

## COUNT III
## ASSAULT & BATTERY

15. Plaintiff re-alleges paragraphs 1-9
16. Due to the unlawful acts of the Defendants the Plaintiff suffered a series of assaults and batteries upon his person including arrest, handcuffing, imprisonment, physically forcefully removing the plaintiff from his vehicle and harassment.

## COUNT IV
## EXCESSIVE FORCE

17. Plaintiff re-alleges paragraphs 1-9
18. The Defendants without probable cause of any crime excessively forced Plaintiff out of this vehicle where he was seat-belted with his hands up and visible. Plaintiff was forcibly removed by the Defendants and thrown up against his vehicle and handcuffed, at which time the Plaintiff

complained the handcuffs were too tight but was ignored and thrown in the back of the police car.
   a. Excessive Force – Reasonable and prudent under the circumstances.

## COUNT V
## MALICIOUS PROSECUTION

19. Plaintiff re-alleges paragraphs 1-9
20. Due to the unlawful arrest by the defendants the plaintiff was charged with a crime, thus illegal action was taken in the capacity of the defendants official duties such as false arrest, false imprisonment, assault & battery, intimidation, abuse of power and covering up wrong doing.
    a. Malicious Prosecution – Pursuing a legal action that tis brought without Probable cause.

## COUNT VI
## DAMAGE TO REPUTATION

21. Plaintiff re-alleges paragraphs 1-9
22. The plaintiff suffered very real humiliation and emotional distress, including suffering, anxiety and stress all as a direct result of the surprise of being threatened and harassed all at the hands of the Maricopa Police Department law enforcement officers. He was publicly and personally humiliated by the indignity of the Maricopa Police Department
    a. Damage to reputation – (Ignominy) Public shame or disgrace

23. Plaintiff re-alleges paragraphs 1-22

24. The City of Maricopa and Maricopa Police Department fail to train and or the lack of training of its officers with Policy, Practices of Constitutional policing, supervise and discipline when it comes to fundamental, civil and constitutional rights and laws.
25. Citizens of Maricopa Arizona want its Police Department to protect and serve, not to make them feel afraid to call for Police assistance due to the fear of being detained and or arrested with no probable cause or the violation of their United States Fundamental, Civil or Constitutional rights as well as their Arizona constitutional rights and State laws.
26. City of Maricopa and its Police Department failed to investigate a complaint of its Police Officers by not providing complaint forms when asked to provide on March 9, 2018. Additionally, Maricopa Police Department failed to follow up with the oral complaint that was given to the Maricopa Police Department on March 9, 2018 surrounding this detainment and subsequent arrest. As of the date of this filing the plaintiff has yet to receive any follow up from the City of Maricopa and or the Maricopa Police Department, which appears to be their custom and practice.
27. This complaint constitutes violations of the plaintiffs First, Fourth and Fourteenth United States Constitutional Amendments as well as Arizona Constitutional Amendments by the City of Maricopa, the Maricopa Police Department, and their employees and agents.

The Plaintiff is seeking compensatory, punitive and injunctive relief as follows:

Compensatory Damages - $100,000.00

Punitive damages - $400,000.00

Injunctive Relief – To have the Maricopa Police Department train its officers on fundamental United States Civil and Constitutional rights. To train it's officers on the policies, practices and training of constitutional policing.

Observing a police officer from a public place in and of itself does not constitute suspicious activity nor is it a crime.

The Maricopa Police Departments should create a roll-call video addressing First Amendment rights to observe police activity and require its officers to view and sign off that thy have viewed and understand every 6 months. The video should be revised to reflect any changes based on policy or the law.

Law enforcement agencies and its officers are beholden to the United States constitution, State constitution and other Federal, State and Local Laws, regulation and statues as they take an oath to uphold.

*[signature]* Sept 20 2019